REDMANN, Judge
(dissenting).
There are two uncontradicted physical circumstances which together require reversal.
*671 First, the forward-folding damage to plaintiffs’ door shows that, at least during part of the collision-time, defendants’ truck at five mph was moving forward faster than was plaintiffs’ car. Second, the presence of plaintiffs’ five-foot skid marks two feet within plaintiffs’ lane shows that plaintiffs’ car’s strong deceleration (from a speed greater than ten mph) occurred well within plaintiffs’ lane.
The trial judge reasoned that the forward-folding damage could as easily have occurred in defendants’ lane as in plaintiffs’, and that plaintiffs’ skid marks in plaintiffs’ lane could have occurred after “the truck pushed the [car] back into the left lane.”
This reasoning is correct in concluding that the truck “pushed” the car (to make forward-folding damage). But it is incorrect in failing to recognize that the truck, while making forward-folding damage, had to be moving faster than the car. Because the truck was only going about five mph, the car would have been going the same speed or slower when "pushed” back into its own lane where it left five feet of skid marks: but it is not possible for a car going only five mph to produce five feet of skid marks. (See Blashfield, Cyclopedia of Automobile Law and Practice, § 6237, which gives four and a half feet as the braking distance to stop at ten mph.) Thus the trial judge’s hypothesis must be rejected.
It is physically possible that plaintiff driver should first have made the skid marks in her own lane (thus reducing her speed from about 20 to less than five mph), and then, at her reduced speed, have let up on her brakes and crossed into defendants’ lane, where the trailer-truck’s rear wheels and bumper could have produced forward-folding damage to the car. But this physically possible combination is not a reasonable supposition: it is unreasonable to suppose that the driver would have skidding-braked to a near-stop in a safe position and then crept over into the side of a moving truck-trailer. This supposition must be rejected as less probable than not; see Boudreaux v. American Ins. Co., 1972, 262 La. 721, 264 So.2d 621.
The probable explanation is that, as the trailer-truck first entered the traffic circle in the right lane, turning to its right, the rear of the trailer remained more to the right of the tractor-cab and thus to the right of the line dividing the circle lanes. Then, as the tractor-cab got into the circle, it had to turn left to follow the circle, and the trailer’s relative position shifted towards the left of the cab. Meanwhile the car, too, was entering the circle in the left lane (at a higher speed), and began to overtake the trailer just as the trailer was making its shift to the left (following the. cab’s turn to the left). Because collision did occur while the car was traveling slower than the truck (as the damage proves), and because the car’s slow-down occurred two feet within its own lane, the probable explanation is that the trailer’s leftward drift brought it over the dividing line into plaintiff’s lane, where collision occurred. The truck driver’s own testimony was that, even with the tractor-cab’s front wheel “jamming” the outer curbing of the circle, “my trailer wheel is still . . . hanging over the [center] line. ... It had to be.” The driver modified this to assert that the rear part of the trailer “is right on that line and never goes over.”
In my opinion the location of the skid marks and the damage showing the truck’s speed exceeded that of the car, taken together with the other factual circumstances, affirm the plaintiff driver’s testimony that collision occurred in her lane.
The truck driver’s testimony proves that he was well aware that the trailer tended to encroach upon the left lane. His failure to keep the truck within his lane constituted fault within C.C. art. 2315 (or want of skill, art. 2316) which damaged plaintiffs.
Plaintiff driver’s failure to observe the truck was not contributory negligence. *672 She was entering a circle at which traffic could lawfully approach only from her left and she therefore need not have looked to her right. Even had she looked to the right and seen the truck, it would not have been unreasonable - for her to assume that the truck would stay within its own lane. We should therefore conclude that no fault on her part contributed to the collision.